IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORAD HAZMINE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-3706 |
| | : | |
| MARILYN BROOKS, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                              **March 13, 2007**

On June 5, 2001, a judge in the Court of Common Pleas for Philadelphia County, sitting without a jury, found Morad Hazime guilty of aggravated indecent assault, sexual assault, theft by unlawful taking, receiving stolen property, possession of an instrument of crime, and terroristic threats. On September 5, 2001, the court imposed a sentence of three to six years. After appeal, Hazime filed a Petition for Writ of Habeas Corpus, which this Court denied on February 13, 2006. The instant action was filed as a "Habeas Corpus Petition for Purpose of Motion to Re-Open" on February 28, 2007. In his Petiton, Hazime suggests new information has come to light regarding an Order of Removal entered on January 11, 2005, after a hearing before Immigration Judge Walter A. Durling.

Under the requirements set forth in 28 U.S.C. § 2244(b)(2), Hazime's present successive Habeas Petition cannot be entertained by this Court. Section 2244(b)(2) allows successive habeas corpus petitions only under two circumstances: (1) where the petition relies on a new rule of constitutional law which has been made retroactive; or (2) when new evidence comes to light and "the factual predicate for the claim [of innocence] could not have been discovered previously

through the exercise of due diligence."[1]  Here, Hazime has presented no evidence which contradicts his guilt for the underlying conviction.

Instead, Hazime uses this Petition to attack an order of removal.  As dictated by the Real ID Act of 2005, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . ." REAL ID Act of 2005, § 16, H.R. 1268, 109th Cong. (2005) (codified at 8 U.S.C. § 1252(a)(5)).  Accordingly, this court lacks jurisdiction to consider Hazime's Petition.

An appropriate order follows.

---

[1] If a petitioner can show the factual predicate for the claim could not have been discovered previously, then he or she must also show "the facts underlying the claim [of innocence], if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).